Ordered that the appeal from the order dated November 23, 2010, is dismissed as academic, without costs or disbursements; and it is further,
Ordered that the order dated December 22, 2010, is modified, on the law, by deleting the provision thereof restraining the defendant from removing the parties’ child from Suffolk County *657 until final disposition of the action, without prejudice to the plaintiff making a motion for the same relief, on proper notice to the defendant; as so modified, the order dated December 22, 2010, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff father commenced this action for a divorce and ancillary relief on September 27, 2010. He alleged that he and the defendant mother had resided in their home in Commack, New York, since 2005, and had married on February 7, 2010. The parties’ child was born on September 22, 2010, in a Maryland hospital, while the defendant was en route from New York to South Carolina, where she intended to relocate with the child. In an order dated November 23, 2010, the Supreme Court, inter alia, granted the plaintiffs motion to direct the defendant to produce the parties’ child before the court. On December 16, 2010, the defendant produced the child before the court. Accordingly, the defendant’s appeal from the order dated November 23, 2010, must be dismissed as academic.
The defendant moved, in effect, to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7). The plaintiff made an untimely cross motion to restrain the defendant from removing the child from Suffolk County until final disposition of the action. In an order dated December 22, 2010, the Supreme Court denied the defendant’s motion and, sua sponte, restrained her from removing the parties’ child from Suffolk County until final disposition of the action. It then denied the plaintiff’s cross motion as academic, and noted that if it had not denied the cross motion as academic it would have denied it as untimely.
Initially, we note that, contrary to the defendant’s contention, New York has subject matter jurisdiction of the issue of custody of the parties’ child. The South Carolina Family Court, where the mother had commenced a custody proceeding in mid-October 2010, found that, under South Carolina’s version of the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter UCCJEA), which, in pertinent part, is identical to the one enacted in New York {see Domestic Relations Law article 5-A), South Carolina was the child’s home state. However, since the Supreme Court, Suffolk County, had already determined, in its order dated November 23, 2010, that it had jurisdiction over the issue of custody of the parties’ child in the divorce action commenced by the father, the South Carolina Family Court determined that New York was the appropriate forum, and stayed the custody proceeding before it pending a determination of the New York action. Under those circumstances, New York *658 acquired jurisdiction under Domestic Relations Law §§ 76 (1) (b) and 76-f.
The Supreme Court correctly denied that branch of the defendant’s motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint on the ground that it failed to state a cause of action.
As to the defendant’s contention that the Supreme Court erred in, sua sponte, restraining her from removing the parties’ child from Suffolk County until final determination of this action, initially, while no appeal lies as of right from an order that does not determine a motion made on notice (see CPLR 5701 [a] [2]), this Court granted the defendant leave to appeal from that portion of the order dated December 22, 2010 (see CPLR 5701 [c] ). When the plaintiff cross-moved to restrain the defendant from removing the child from Suffolk County until final disposition of the action, the defendant objected to the cross motion as untimely, and did not submit any substantive opposition thereto. In the order dated December 22, 2010, the Supreme Court, sua sponte, restrained the defendant from removing the parties’ child from Suffolk County until final disposition of the action, then denied the plaintiffs untimely cross motion for that same relief as academic. Under these circumstances, the Supreme Court’s order prejudiced the defendant, who had no fair notice of the plaintiffs cross motion and was deprived of a sufficient opportunity to address the issues raised. Accordingly, we modify the order dated December 22, 2010, by deleting the provision thereof restraining the defendant from removing the child from Suffolk County until final disposition of the action. Our determination is without prejudice to the plaintiff making a motion for the same relief, on proper notice to the defendant. Dillon, J.E, Belen, Roman and Miller, JJ., concur.